Hand-Delivered

FILED
CHARLOTTE, NC

MAR 0 3 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| William Cameron<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Case No. 3:26-cv-165-SCR<br>) |
| TrueAccord Corp.<br>    Defendant, | )<br>) **JURY TRIAL DEMANDED**<br>)<br>) |

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

I. INTRODUCTION TO COMPLAINT

1. Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's continued debt collection communications after receiving written notice to cease, in violation of 15 U.S.C. § 1692c(c).

II. VENUE AND JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this District as the Plaintiff resides in Charlotte, North Carolina, and the Defendant transacts and conducts business in this District.

## III. PARTIES IN THIS MATTER

3. William Cameron (hereinafter "Plaintiff") is a natural person and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. TrueAccord Corp. is a Kansas corporation. The Registered Agent is Incorp Services, Inc. 176 Mine Lake Court, Suite 100, Raleigh, NC 27615.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts. Defendant also conducts business in North Carolina as well as attempting to collect consumer debts.

## IV. FACTUAL ALLEGATIONS

6. On a date better known by the Plaintiff, Defendant started attempting to collect a consumer debt from the Plaintiff through email.

7. Plaintiff noticed this account being furnished on his credit report and then noticed the debt collection attempts from the Defendant.

8. On February 23, 2026, at 12:42 p.m., the Defendant emailed the Plaintiff about an alleged debt stating "We're TrueAccord Corp, a debt collector. We are trying to collect a debt that you owe to Klarna. We will use any information you give us to help collect the debt."

9. Shortly after receiving the email, on February 23, 2026 at 3:08 pm, the Plaintiff responded to the Defendant's email, expressing financial difficulties and refusal to pay this alleged debt stating: "...unfortunately, I'm not going to pay this debt. William."

Despite this written refusal, Defendant sent more emails on February 25, 2026 at 4:56 pm, 5:41 pm and 5:48 pm sent by the Defendant.

10. The Defendant issued more emails attempting to collect the same debt. These collection emails were created and dated two days after the Defendant's written refusal to pay.

11. Under 15 U.S.C § 1692c(c), if a consumer notifies a debt collector in writing that he refuses to pay a debt, the debt collector shall not communicate further with respect to the debt. Despite Plaintiff's explicit letter refusal to pay the alleged debt, Defendant continued to contact Plaintiff regarding the alleged debt. The February 25, 2026 communication was in direct violation of 15 U.S.C. § 1692c(c).

12. Defendant's continued communications after receipt of Plaintiff's written refusal to pay were knowing, willful, and part of a pattern or practice of ignoring consumer rights under the FDCPA. This pattern demonstrates an intentional disregard for the law and the rights of the plaintiff, warranting the maximum statutory damages permitted under 15 U.S.C. § 1692k(a)(2)(A).

13. As a direct and traceable result of Defendant's unlawful conduct, Plaintiff has suffered actual damages, including but not limited to significant emotional distress, humiliation, anxiety, and mental anguish.

## V. CLAIM FOR RELIEF

### *Violation of 15 U.S.C. § 1692c(c) – Failure to Cease Communication*

14. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving his written refusal to pay the alleged debt. Under the FDCPA, even a single prohibited communication after such notice constitutes a violation.

16. As a result of this unlawful conduct, Plaintiff suffered actual damages and is entitled to statutory damages, and costs pursuant to 15 U.S.C. § 1692k.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Prejudgment interest on all actual damages at the maximum rate permitted by law;
5. That statutory and actual damages be awarded cumulatively, not in the alternative; and
6. Such other and further relief as the Court deems just and proper.

Respectfully submitted on March 3, 2026, by:

William Cameron
1025 W 6th St. Apt. 307
Charlotte, NC 28202
E: williamcameron1979@gmail.com